IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

JOYCE GRIGGS, Individually,
and as Aunt and Personal
Representative of the Estate of
MARINDA GRIGGS, deceased,

       Plaintiff,

v.                                  No. _____

OFFICER C. IRBY, Individually and
as an agent and/or employee of the
TEXAS DEPARTMENT OF
CRIMINAL JUSTICE; TEXAS
DEPARTMENT OF CRIMINAL
JUSTICE; JOHN DOE NO. 1;
JOHN DOE NO. 2; and JOHN DOE NO. 3,

       Defendants.

PLAINTIFF'S ORIGINAL COMPLAINT

     Now comes the Plaintiff, JOYCE GRIGGS, individually and as Aunt and
personal representative of the Estate of MARINDA GRIGGS, deceased, hereby files this
Original Complaint complaining of OFFICER C. IRBY, individually and as an agent
and/or employee of the Texas Department of Criminal Justice, THE TEXAS
DEPARTMENT OF CRIMINAL JUSTICE, JOHN DOE NO.1, JOHN DOE NO.2, and
JOHN DOE NO. 3, Defendants, as follows:

# Index of Counts

Count I - Defendant Sergeant C. Irby and/or Defendants John Doe No. 1 and/or John
Doe No. 2, and/or John Doe No. 3 - 42 U.S.C. § 1983

Count II - Defendant Sergeant C. Irby and/or Defendants John Doe No. 1, and/or John
Doe No. 2, and/or John Doe No. 3 – Assault and Battery

Count III - Defendant Sergeant C. Irby and/or Defendants John Doe No. 1, and/or John
Doe No. 2, and/or John Doe No. 3 – Willful and Wanton – Survival

Count IV - Defendant Sergeant C. Irby and/or Defendants John Doe No. 1, and/or John
Doe No. 2, and/or John Doe No. 3 – Wrongful Death

Count V - Texas Department of Criminal Justice – Vicarious Liability for Defendant Sergeant C. Irby and/or Defendants John Doe No. 1, and/or John Doe No. 2, and/or John Doe No. 3's Willful and Wanton Conduct – Survival

Count VI - Texas Department of Criminal Justice – Vicarious Liability for Defendant Sergeant C. Irby and/or Defendants John Doe No. 1, and/or John Doe No. 2, and/or John Doe No. 3's Willful and Wanton Conduct – Wrongful Death

Count VII - Texas Department of Criminal Justice – Institutional Liability – Survival

Count VIII - Texas Department of Criminal Justice – Institutional Liability – Wrongful Death

Count IX - Defendant Sergeant C. Irby and/or Defendants John Doe No. 1, and/or John Doe No. 2, and/or John Doe No. 3 – Intentional Infliction of Emotional Distress

Count X - Defendant Texas Department of Criminal Justice Vicarious Liability for Defendant Sergeant C. Irby and/or Defendants John Doe No. 1, and/or John Doe No. 2, and/or John Doe No. 3's Intentional Infliction of Emotional Distress

Count XI - Texas Department of Criminal Justice – Violation of Title II of the Americans With Disabilities Act

Count XII - Civil Practices and Remedies Code § 101.021 Governmental Liability for Texas Tort Claims

## Parties

1.      Plaintiff Joyce Griggs is a person of the full age of majority and a resident of Smith County, Texas.   Joyce Griggs sues on behalf of herself and as personal representative of Marinda Griggs, deceased, who was a prisoner at the Christina Melton Crain Unit in Gatesville, Texas.

2.      Defendant Sergeant C. Irby is a resident of Texas, and is or was a Law Enforcement Officer for Texas Department of Criminal Justice.  At all times relevant to this cause, he was operating in the course and scope of his agency and/or employment relationship with the Texas Department of Criminal Justice. He is sued in his individual

capacity and as an agent/employee of the Texas Department of Criminal Justice.

3.      Defendant Texas Department of Criminal Justice is a public entity and subdivision of the State of Texas.  Defendant Texas Department of Criminal Justice is located at 861-B I-45 N Huntsville, Texas 77320.  Defendant Texas Department of Criminal Justice employed persons including Defendant Sergeant C. Irby and other officers who, in the course and scope of their employment, were to enforce and follow the rules and laws as established by the State of Texas and the United States of America.

4.      Defendants John Doe No. 1, John Doe No. 2, and John Doe No. 3, are residents of Texas, and are or were employee Law Enforcement Officers for the Texas Department of Criminal Justice.  At all times relevant to this cause, they were operating in the course and scope of their agency and/or employment relationship with the Texas Department of Criminal Justice.

5.      At all times material throughout this Complaint, Defendant Sergeant C. Irby acted under color of state law, ordinance, and/or regulation, and in the course and scope of his employment with the Texas Department of Criminal Justice.

6.      At all times material throughout this complaint, Defendants John Doe Nos. 1-3 acted under color of state law, ordinance, and/or regulation, and in the course and scope of their employment with the Texas Department of Criminal Justice.

## Jurisdiction

7.      This Court has jurisdiction over the claims raised in this Complaint under 42 U.S.C. § 1983, 28 U.S.C. § 1331, and 28 U.S.C. § 1343.

8.      Venue is appropriate in the Southern District of Texas under 28 U.S.C. § 1391 whereas Defendant Texas Department of Criminal Justice is located, and all other

defendants are residents of the State of Texas.

9.      Plaintiff further invokes supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to adjudicate pendent claims arising under the laws of the State of Texas and seeks recovery under common law, the Wrongful Death and Survival Statutes of the State of Texas, and The Texas Tort Claims Act, as allowed by law.

## Facts Common to All Counts

10.      On or about September 29, 2015, Defendant Sergeant C. Irby (Hereinafter, "Irby" or "Defendant Irby") was an employee prison officer working for Defendant Texas Department of Criminal Justice, at the Christina Melton Crain Unit in Gatesville, Texas.

11.      On or about September 29, 2015, Marinda Griggs was a prisoner in the Crain Unit under the care, custody, and control of the Texas Department of Criminal Justice.

12.      Marinda Griggs had suffered from the neurological medical condition epilepsy since she was a child, and to which Texas Department of Criminal Justice was aware.

13.      During Marinda Griggs' incarceration, and while under the care, custody, and control of the Texas Department of Criminal Justice, she had suffered numerous epileptic seizures and required treatment by the Texas Department of Criminal Justice medical staff.

14.      On or about September 29, 2015 at approximately 12:56 p.m., at or around the dorm sidewalk of the Crain Unit, Marinda Griggs notified Defendant Irby and other

Defendant John Doe officers that she felt an epileptic seizure was about to occur, and began shaking and moving uncontrollably.

15.     Upon information and belief, Defendant Irby and/or the other Defendant John Doe officers demanded she stopped shaking and moving "out of the lineup."

16.     Neither Defendant Irby nor the Defendants John Doe officers made any attempt to provide Marinda Griggs with medical intervention and/or attention after she informed them that she knew an epileptic seizure was about to occur.

17.     Rather than providing Marinda Griggs with medical intervention and/or attention, and upon information and belief, Defendant Irby and/or the Defendant John Doe officers slammed Ms. Griggs on the concrete ground, and/or beat her so severely that she was caused to go to the hospital where she would remain for approximately four (4) to six (6) days.

18.     As a result of the assault, Marinda Griggs sustained serious life threatening and life altering bodily injuries to her head and body, causing her severe pain, suffering, mental anguish, and emotional distress.

19.     On or about September 29, 2015, and at all times relevant, Defendant Irby and/or the Defendant John Doe officers acted while in the course and scope of their employment with the Texas Department of Criminal Justice.

20.     Upon information and belief, prior to, or after the September 29, 2015 incident referenced above, Defendant Irby and/or the other Defendant John Doe officers were reprimanded by Defendant Texas Department of Criminal Justice for their conduct.

21.     While Marinda Griggs was still in the hospital, or shortly thereafter, Defendant Irby, and/or other Defendant John Doe officers filed a "major case/write-up"

against Marinda Griggs.   The case "write-up" claimed that Marinda Griggs created a disturbance by acting belligerently, which resulted in a significant disruption of operations in that such act caused a use of force that pushed the "inmate count" to run late.

22.     The "major case/write-up was falsified", as it included allegations of misconduct although Defendant Irby and/or other Defendant John Doe officers had actual knowledge that Marinda Griggs had merely suffered an epileptic seizure and any resulting "disobedience" was involuntary.

23.     At all times after this incident – including prior to filing the case "write-up," during filing, and subsequent thereto – Defendants Irby and/or the Defendant John Doe officers were fully aware that Marinda Griggs had in fact suffered a severe epileptic seizure on September 29, 2015, and her alleged disruption was unavoidable due to her medical disability.

24.     Defendant Irby's and/or the Defendant John Doe officers' filing of the case "write-up" amounted to a falsified conduct violation.

25.     Upon information and belief, Defendant Texas Department of Criminal Justice investigated the aforementioned September 29, 2015 assault on Marinda Griggs.

26.     As a result of the investigation, Defendant Texas Department of Criminal Justice learned of the assault by Defendant Irby and/or the Defendant John Doe officers, and that Marinda Griggs had in fact suffered an epileptic seizure.  However, Defendant Texas Department of Criminal Justice still permitted the falsified case "write-up" to be filed, knowing that Marinda Griggs had done nothing to deserve such a severe strike against her which would ultimately affect her parole.

27.     At all times relevant to this case filing, Defendant Irby, the Defendant John Doe officers, and Texas Department of Criminal Justice personnel involved with the decision to permit and go forth with the case filing, were acting in the course and scope of their employment with the Texas Department of Criminal Justice.

28.     Upon information and belief, Marinda Griggs was not provided a copy of the case "write up" within 48 hours of the incident.

29.     Upon information and belief, Marinda Griggs was not permitted to file a response and/or answer the case that was filed against her.

30.     Upon information and belief, Marinda Griggs was not provided legal representation once this case was filed against her.

31.     Upon information and belief, Marinda Griggs was released from the hospital and brought back to the Christina Melton Crain Prison Unit on or about October 2, 2015 to October 4, 2015.

32.     Upon information and belief, Marinda Griggs was taken before a Judge (or Magistrate) without legal representation, where she received an additional approximate forty-five (45) day sentence to her prison term.

33.     Upon information and belief, authorities at Defendant Texas Department of Criminal Justice and those officers involved with the aforementioned September assault were aware that Marinda Griggs had suffered a severe epileptic seizure and had done nothing wrong, yet conspired to bring forth false charges against her.

34.     Upon information and belief, Marinda Griggs also received a sentence of fifteen (15) days in solitary confinement due to the falsified "write-up/charges."

35.     Upon information and belief, Marinda Griggs was eligible for parole on or about January 27, 2017.

36.     Upon information and belief, Marinda Griggs was keenly aware that this case filing would negatively affect her chances to qualify for parole, which was only approximately sixteen (16) months away.

37.     As a result of this falsified case filing, Marinda Griggs suffered severe mental anguish, suffering, and emotional distress.

38.     Upon information and belief, Marinda Griggs informed officers, and or agents of Defendant Texas Department of Criminal Justice about how extremely upset and distraught she was due to the falsified case filing.

39.     Upon information and belief, Defendant Texas Department of Criminal Justice was aware that Marinda Griggs was suffering from medically diagnosed depression, and she was extremely distraught due to the case filed against her.

40.     Upon information and belief, Defendant Texas Department of Criminal Justice was aware that Marinda Griggs suffered from medically diagnosed depression and severe epilepsy when the falsified case was filed against her, ultimately causing her to be placed in solitary confinement without proper supervision and with dangerous tangible property.

41.     Defendant Texas Department of Criminal Justice also had full knowledge that Marinda Griggs had previously attempted suicide by hanging twice while in the care, custody, and control of Defendant Texas Department of Criminal Justice.

42.     On or about May 16, 2009, upon information and belief, Marinda Griggs allegedly attempted to commit suicide by hanging herself with a bed sheet while alone in

her jail cell while under the care, custody, and control of Defendant Texas Department of Criminal Justice.

43.     As of October 2, 2015, Defendant Texas Department of Criminal Justice and its officer employees knew or should have known that Marinda Griggs had attempted suicide by a bed sheet hanging previously while in Defendant's care, custody, and control.

44.     As of September 29, 2015, Defendant Texas Department of Criminal Justice and its officer employees knew or should have known that Marinda Griggs had been medically diagnosed and treated for epilepsy and depression while in the care, custody, and control of the Defendant Texas Department of Criminal Justice.

45.     As of September 29, 2015, Defendant Texas Department of Criminal Justice and its officer employees knew or should have known that Marinda Griggs had been prescribed Prozac and/or other anti-depressant medications while under the care, custody, and control of Defendant Texas Department of Criminal Justice.

46.     Upon information and belief, at some time on or after October 2, 2015, Marinda Griggs was placed in solitary confinement in a single occupant prison cell with non-breakaway sheets and access to air vents/ducts and prison bars, all the while Defendant Texas Department of Criminal Justice was fully knowledgeable of the fact that Marinda Griggs suffered from medically diagnosed epilepsy and depression and had twice attempted suicide.

47.     On or about October 2, 2015, and at all times relevant through October 9, 2015, personnel at the Crain Unit of Defendant Texas Department of Criminal Justice were required to keep Marinda Griggs safe and free from physical injury, harm, or death.

48.     On or about September 29, 2015, and at all times relevant through October 9, 2015, personnel at the Christina Melton Crain Unit ("Crain Unit") of Defendant Texas Department of Criminal Justice were required to keep Marinda Griggs safe and free from psychological injury or harm.

49.     On or about October 2, 2015, and at all times relevant through October 9, 2015, personnel at the Crain Unit of Defendant Texas Department of Criminal Justice were required to screen and evaluate Marinda Griggs on an ongoing basis.

50.     On or about October 2, 2015, and at all times relevant through October 9, 2015, Defendant Texas Department of Criminal Justice was required to train its prison personnel, yet failed to do so, as to the method and means of evaluating persons in custody to keep them safe from physical or psychological injury, harm, or death.

51.     Upon information and belief, Defendant Texas Department of Criminal Justice failed to properly supervise Marinda Griggs while she was wrongfully in solitary confinement knowing that she was being emotionally distraught, had just been released from the hospital due to an assault, had suffered serious life threatening head and bodily injuries, and while she was being medically treated for depression and severe epilepsy.

52.     On or about October 2, 2015, and at all times relevant through October 9, 2015, personnel at the Crain Unit of Defendant Texas Department of Criminal Justice were required to screen and evaluate the mental status of persons placed in solitary confinement, yet upon information and belief failed to do so.

53.     On or about October 2, 2015, and at all times relevant through October 9, 2015, personnel at the Crain Unit of the Defendant Texas Department of Criminal Justice placed Marinda Griggs in a cell with a bed sheet knowing that she had (1) previously

attempted suicide with a bed sheet, (2) was very severely distraught due to the new case filed against her, (3) was medically diagnosed with depression and severe epilepsy, and (4) had just been released from the hospital after sustaining a severe assault causing her life threatening injuries to her head and body.

54.     On or about October 2, 2015 and at all times relevant through October 9, 2015, personnel at the Crain Unit of the Defendant Texas Department of Criminal Justice failed to appropriately respond when Marinda Griggs had bouts of uncontrollable crying exhibiting severe depression and emotional distress.

55.     On or about October 9, 2015 personnel of Defendant Texas Department of Criminal Justice claimed that Marinda Griggs was found in a single occupant cell hanging with a ligature made of a bed sheet around her neck.

56.     On or about October 9, 2015, Defendant Texas Department of Criminal Justice personnel at the Crain Unit claimed that Marinda Griggs was provided medical treatment.

57.     On or about October 9, 2015, Marinda Griggs died while under the care, custody, and control of the Defendant Texas Department of Criminal Justice.

58.     A complete autopsy was performed beginning at 10:30 hours on October 10, 2015 by the Tarrant County Medical Examiner's District Morgue in Fort Worth, Texas.

59.     The Gross Anatomic Description from the autopsy report states, among other things, that there were confluent healing defects of the left temple 1 X 1 ¼ inches in size with trace adherent scabs, and the neck demonstrates evidence of traumatic injury.

60.     The Evidence of Injury section of the autopsy report states, among other things, that there is abraded ligature furrow of the neck 11 inches in length and varying in width from 3/8 to ½ inch, the ligature furrow crossed the anterior neck centered ¼ inch below the thyroid cartilage prominence, and there was no hemorrhage of the anterior strap muscles.

61.     The Medical Examiner determined that the cause of death was due to asphyxia by hanging, and the manner of death was classified as suicide.

**Count I**
**42 U.S.C. § 1983 – Defendant Sergeant C. Irby and/or Defendants John Doe No. 1 and/or John Doe No. 2, and/or John Doe No. 3**

Plaintiff re-alleges Paragraphs 1-61 of the Complaint.

62.     Prior to, and/or after September 29, 2015, Defendant Irby was reprimanded for unprofessional conduct.

63.     Prior to September 29, 2015 and/or October 9, 2015, Defendant Texas Department of Criminal Justice knew or should have known that Defendant Irby exhibited a pattern of escalating wrongful conduct towards prison inmates.

64.     On September 29, 2015, Defendant Irby and/or Defendant John Doe No. 1, and/or John Doe No. 2, and/or John Doe No. 3 acted under color of law.

65.     On or about October 9, 2015, Defendant Irby and/or Defendant John Doe No. 1, and/or John Doe No. 2, and/or John Doe No. 3 acted under color of law.

66.     In the events alleged above, Defendant Irby and/or Defendant John Doe No. 1, and/or John Doe No. 2, and/or John Doe No. 3 acted contrary to law, and intentionally, willfully, wantonly, and unreasonably deprived Marinda Griggs of her rights, privileges, and immunities secured by the U.S. Constitution and 42 U.S.C. § 1983.

67.     The above-described acts and omissions by Defendant Irby and/or Defendant John Doe No. 1, and/or John Doe No. 2, and/or John Doe No. 3 demonstrated a deliberate indifference to and conscious disregard for the constitutional rights and safety of Marinda Griggs.

68.     As a result of Defendant Irby's and/or Defendant John Doe No. 1, and/or John Doe No. 2, and/or John Doe No. 3 violations of Marinda Griggs' constitutional rights, Marinda Griggs suffered substantial injuries, including but not limited to physical injury, pain and suffering, mental anguish, damages and, ultimately, death.

69.     Marinda Griggs exercised her rights, or attempted to do so, under the United States Constitution.

70.     Defendant Irby and/or Defendant John Doe No. 1, and/or John Doe No. 2, and/or John Doe No. 3 deprived Marinda Griggs of her rights guaranteed by the United States Constitution and federal statutes.

71.     As a direct and proximate result of the foregoing, Defendant Irby, individually and/or Defendant John Doe No. 1, and/or John Doe No. 2, and/or John Doe No. 3 deprived Marinda Griggs of her rights and privileges as a citizen of the United States, and Defendant Irby and/or Defendant John Doe No. 1, and/or John Doe No. 2, and/or John Doe No. 3 caused Marinda Griggs to suffer injuries and death, of which caused the general damages requested by Plaintiff in an amount in excess of the applicable jurisdictional amount, to be proven at trial.

72.     The claims and cause of action for injuries to the health, reputation, and person sustained by Marinda Griggs are brought in this action pursuant to the Survival Act, Texas Civil Practice and Remedies Code § 71.021.

73.     The claims and causes of action for the wrongful death of Marinda Griggs are brought by her aunt, Joyce Griggs on behalf of herself and all rightful heirs, pursuant to Texas Civil Practice and Remedies Code § 71.002-004.

**Count II**
**Assault and Battery – Defendants Sergeant C. Irby and/or John Doe No. 1, and/or John Doe No. 2, and/or John Doe No. 3**

Plaintiff re-alleges Paragraphs 1-61 of the Complaint.

74.     On or about September 29, 2015, Defendant Irby and/or Defendants John Does No. 1, and/or No. 2, and/or No. 3 committed a battery upon Marinda Griggs when he and/or they intentionally, knowingly, and/or recklessly slammed Marinda Griggs upon the concrete floor and beat her with fists, and/or elbows, and/or knees, and/or other body parts, after Marinda Griggs informed them that she felt an epileptic seizure coming on.

75.     On or about September 29, 2015, Defendant Irby and/or Defendants John Does No. 1, and/or No. 2, and/or No. 3 committed an assault upon Marinda. Griggs when he and/or they intentionally, knowingly, and/or recklessly threatened Marinda Griggs with imminent physical harm upon Marinda Griggs informing them that she felt an epileptic seizure coming on.  Ultimately, he and/or they slammed Marinda Griggs upon the concrete floor and beat her, causing her to be hospitalized for her severe injuries.

76.     At no time was Defendant Irby and/or Defendants John Does No. 1, and/or No. 2, and/or No. 3 privileged to take the action, as such force was not necessary and was prohibited under the circumstances.

77.     As a direct and proximate result of the foregoing, Defendant Irby, individually, and/or Defendants John Does No. 1, and/or No. 2, and/or No. 3 as agents of the Texas Department of Criminal Justice, assaulted and battered Marinda Griggs, and

caused her to suffer injury and/or death, of which has caused the general damages requested by Plaintiff in an amount in excess of the applicable jurisdictional amount, to be proven at trial.

**Count III**
**Willful and Wanton – Survival - Defendants Sergeant C. Irby and/or John Doe No. 1, and/or John Doe No. 2, and/or John Doe No. 3**

Plaintiff re-alleges Paragraphs 1-61 of the Complaint

78.     Upon information and belief, prior to September 29, 2015, Defendant Irby and/or Defendants John Does No. 1, and/or No. 2, and/or No. 3 had been reprimanded for unprofessional conduct.

79.     Prior to September 29, 2015, Defendant Texas Department of Criminal Justice knew or should have known that Defendant Irby, and/or Defendants John Does No. 1, and/or No. 2, and/or No. 3 exhibited a pattern of escalating encounters with inmates.

80.     On or about September 29, 2015 through October 9, 2015, Defendant Irby, and/or Defendants John Does No. 1, and/or No. 2, and/or No. 3 acted under color of law.

81.     In the events alleged above, Defendant Irby, and/or Defendants John Does No. 1, and/or No. 2, and/or No. 3 acted contrary to law, and intentionally, willfully, wantonly, and unreasonably deprived Marinda Griggs of her rights, privileges, and immunities secured by the U.S. Constitution and 42 U.S.C. § 1983 and the Americans with Disabilities Act.

82.     The above-described acts and omissions by Defendant Irby, and/or Defendants John Does No. 1, and/or No. 2, and/or No. 3 demonstrated a deliberate indifference to and conscious disregard for the constitutional rights of Marinda Griggs.

83.     As a result of Defendant Irby's, and/or Defendants John Does No. 1's, and/or No. 2's, and/or No. 3's violations of Marinda Griggs' constitutional rights, Marinda Griggs suffered substantial injuries, including but not limited to physical injury, pain and suffering, mental anguish, damages and, ultimately, death.

84.     Marinda Griggs exercised her rights, or attempted to do so, under the United States Constitution.

85.     Defendant Irby, and/or Defendants John Does No. 1, and/or No. 2, and/or No. 3 deprived Marinda Griggs of her rights guaranteed by the United States Constitution.

86.     As a direct and proximate result of the foregoing, Defendant Irby individually, and/or Defendants John Does No. 1, and/or No. 2, and/or No. 3 as an agent(s) of the Texas Department of Criminal Justice, deprived Marinda Griggs of her rights and privileges as a citizen of the United States, and Defendant(s) caused Marinda Griggs to suffer injury and death, of which has caused the general damages requested by the Plaintiff in an amount in excess of the applicable jurisdictional amount, to be proven at trial.

87.     The claims and causes of action for the wrongful death of Marinda Griggs are brought by her aunt, Joyce Griggs on behalf of herself and all rightful heirs, pursuant to Texas Civil Practice and Remedies Code § 71.002-004.

## Count IV
### Willful and Wanton – Wrongful Death - Defendants Sergeant C. Irby and/or John Doe No. 1, and/or John Doe No. 2, and/or John Doe No. 3

Plaintiff re-alleges Paragraphs 1-61 of the Complaint.

88.     Upon information and belief, prior to September 29, 2015, Defendant Irby

and/or Defendants John Does No. 1, and/or No. 2, and/or No. 3 had been reprimanded for unprofessional conduct.

89.     Prior to September 29, 2015, Defendant Texas Department of Criminal Justice knew or should have known that Defendant Irby, and/or Defendants John Does No. 1, and/or No. 2, and/or No. 3 exhibited a pattern of escalating encounters with inmates.

90.     On or about September 29, 2015 through October 9, 2015, Defendant Irby, and/or Defendants John Does No. 1, and/or No. 2, and/or No. 3 acted under color of law.

91.     In the events alleged above, Defendant Irby, and/or John Does No. 1, and/or No. 2, and/or No. 3 acted contrary to law, and intentionally, willfully, wantonly, and unreasonably deprived Marinda Griggs of her rights, privileges, and immunities secured by the U.S. Constitution and 42 U.S.C. § 1983 and the Americans with Disabilities Act.

92.     The above-described acts and omissions by Defendant Irby, and/or Defendants John Does No. 1, and/or No. 2, and/or No. 3 demonstrated a deliberate indifference to and conscious disregard for the constitutional rights of Marinda Griggs.

93.     As a result of Defendant Irby's, and/or Defendants John Does No. 1's, and/or No. 2's, and/or No. 3's violations of Marinda Griggs' constitutional rights, she suffered substantial injuries, including but not limited to physical injury, pain and suffering, mental anguish, damages and, ultimately, death.

94.     Marinda Griggs exercised her rights, or attempted to do so, under the United States Constitution.

95.     Defendant Irby, and/or Defendants John Does No. 1, and/or No. 2, and/or

No. 3 deprived Marinda Griggs of her rights guaranteed by the United States Constitution.

96.     As a direct and proximate result of the foregoing, Defendant Irby individually, and/or Defendants John Does No. 1, and/or No. 2, and/or No. 3 as an agent(s) of the Texas Department of Criminal Justice, deprived Marinda Griggs of her rights and privileges as a citizen of the United States, and Defendant(s) caused Marinda Griggs to suffer injury and death, of which has caused the general damages requested by the Plaintiff in an amount in excess of the applicable jurisdictional amount, to be proven at trial.

97.     The claims and causes of action for the wrongful death of Marinda Griggs are brought by her aunt, Joyce Griggs on behalf of herself and all rightful heirs, pursuant to Texas Civil Practice and Remedies Code § 71.002-004.

## Count V
### Vicarious Liability of the Texas Department of Criminal Justice for Defendants Sergeant C. Irby and/or John Doe No. 1, and/or John Doe No. 2, and/or John Doe No. 3 Willful and Wanton Conduct – Survival

Plaintiff re-alleges Paragraphs 1-61 of the Complaint.

98.     Upon information and belief, prior to September 29, 2015, Defendant Irby and/or Defendants John Does No. 1, and/or No. 2, and/or No. 3 were reprimanded for unprofessional conduct.

99.     Prior to September 29, 2015, Defendant Irby and/or Defendants John Does No. 1, and/or No. 2, and/or No. 3 and Defendant Texas Department of Criminal Justice knew or should have known that Defendant Irby and/or Defendants John Does No. 1, and/or No. 2, and/or No. 3 exhibited a pattern of escalating encounters with prison inmates.

100.    On September 29, 2015 through October 9, 2015 Defendant Irby and/or Defendants John Does No. 1, and/or No. 2, and/or No. 3 were agents and/or employees of Defendant Texas Department of Criminal Justice.

101.    In the events alleged above, Defendant Texas Department of Criminal Justice, by and through its agents or employees, Defendant Irby and/or Defendants John Does No. 1, and/or No. 2, and/or No. 3, acted contrary to law, and intentionally and unreasonably deprived Marinda Griggs of her rights, privileges and immunities secured by the U.S. Constitution and 42 U.S.C. § 1983 in a willful and wanton fashion.

102.    Prior to September 29, 2015, and at all times relevant, Defendant Texas Department of Criminal Justice was responsible for training its law enforcement officers, including but not limited to Defendant Irby and/or Defendants John Does No. 1, and/or No. 2, and/or No. 3, with regard to how to conduct their duties with an inmate afflicted with multiple health disabilities, but failed to fully, adequately, and properly do so.

103.    Prior to September 29, 2015 and at all times relevant, Defendant Texas Department of Criminal Justice failed to properly evaluate its law enforcement personnel's qualifications, training, demeanor, and fitness-for-duty as Defendant Texas Department of Criminal Justice officers, including but not limited to Defendant Irby and/or Defendants John Does No. 1, and/or No. 2, and/or No. 3.

104.    The above-described acts and omissions by Defendant Texas Department of Criminal Justice demonstrate a deliberate indifference to and conscious disregard for the constitutional rights and safety of Marinda Griggs.

105.    As a result of the violations of Marinda Griggs' constitutional rights by Defendant Texas Department of Criminal Justice, through its agent(s) and or

employee(s), Defendant Irby and/or Defendants John Does No. 1, and/or No. 2, and/or No. 3 and his/their afore-described willful and wanton conduct, Marinda Griggs suffered substantial injuries, damages, and ultimately death.

106.    Marinda Griggs exercised her rights, or attempted to do so, under the United States Constitution.

107.    Defendant Texas Department of Criminal Justice, by and through its agent(s) and/or employee(s) Defendant Irby and/or John Does No. 1, and/or No. 2, and/or No. 3, deprived Marinda Griggs of her rights guaranteed by the United States Constitution and federal statutes.

108.    As a direct and proximate result of the foregoing conduct, Defendant Texas Department of Criminal Justice, by and through its agent(s) and/or employee(s), Defendant Irby and/or Defendants John Does No. 1, and/or No. 2, and/or No. 3, deprived Marinda Griggs of her rights and privileges as a citizen of the United States, and caused Marinda Griggs to suffer injury and death, of which has caused the general damages requested by Plaintiff in an amount in excess of the applicable jurisdictional amount, to be proven at trial.

109.    The claims and causes of action for the wrongful death of Marinda Griggs are brought by her aunt, Joyce Griggs on behalf of herself and all rightful heirs, pursuant to Texas Civil Practice and Remedies Code § 71.002-004.

**Count VI**
**Vicarious Liability of the Texas Department of Criminal Justice for Defendants Sergeant C. Irby and/or John Doe No. 1, and/or John Doe No. 2, and/or John Doe No. 3 Willful and Wanton Conduct – Wrongful Death**

Plaintiff re-alleges Paragraphs 1-61 of the Complaint.

110.    Upon information and belief, prior to September 29, 2015, Defendant Irby and/or Defendants John Does No. 1, and/or No. 2, and/or No. 3 was/were reprimanded for unprofessional conduct.

111.    Prior to September 29, 2015, Defendant Texas Department of Criminal Justice knew or should have known that Defendant Irby and/or Defendants John Does No. 1, and/or No. 2, and/or No. 3 exhibited a pattern of escalating encounters with prison inmates.

112.    On September 29, 2015 through October 9, 2015 Defendant Irby and/or Defendants John Does No. 1, and/or No. 2, and/or No. 3 were agents and/or employees of the Defendant Texas Department of Criminal Justice.

113.    In the events alleged above, Defendant Texas Department of Criminal Justice, by and through its agents or employees, Defendant Irby and/or Defendants John Does No. 1, and/or No. 2, and/or No. 3, acted contrary to law, and intentionally and unreasonably deprived Marinda Griggs of her rights, privileges and immunities secured by the U.S. Constitution and 42 U.S.C. § 1983 in a willful and wanton fashion.

114.    The above-described acts and omissions by Defendant Texas Department of Criminal Justice demonstrate a deliberate indifference to and conscious disregard for the constitutional rights and safety of Marinda Griggs.

115.    As a result of the violations of Marinda Griggs' constitutional rights by Defendant Texas Department of Criminal Justice, through its agent(s) and or employee(s), Defendant Irby and/or Defendants John Does No. 1, and/or No. 2, and/or No. 3 and his/their afore-described willful and wanton conduct, Marinda Griggs suffered substantial injuries, damages, and ultimately death.

116.    Marinda Griggs exercised her rights, or attempted to do so, under the United States Constitution.

117.    Defendant the Texas Department of Criminal Justice, by and through its agent(s) and/or employee(s) Defendant Irby and/or Defendants John Does No. 1, and/or No. 2, and/or No. 3, deprived Marinda Griggs of her rights guaranteed by the United States Constitution.

118.    As a direct and proximate result of the foregoing conduct, Defendant Texas Department of Criminal Justice, by and through its agent(s) and/or employee(s), Defendant Irby and/or Defendants John Does No. 1, and/or No. 2, and/or No. 3, deprived Marinda Griggs of her rights and privileges as a citizen of the United States, and caused her to suffer injury and death, of which has caused the general damages requested by Plaintiff in an amount in excess of the applicable jurisdictional amount, to be proven at trial.

119.    The claims and causes of action for the wrongful death of Marinda Griggs are brought by her aunt, Joyce Griggs on behalf of herself and all rightful heirs, pursuant to Texas Civil Practice and Remedies Code § 71.002-004.

**Count VII**
**Institutional Liability – Survival – Texas Department of Criminal Justice**

Plaintiff re-alleges Paragraphs 1-61 of the Complaint.

120.    Upon information and belief, prior to September 29, 2015, Defendant Irby and/or Defendants John Does No. 1, and/or No. 2, and/or No. 3 was/were reprimanded for unprofessional conduct.

121.    Prior to September 29, 2015, Defendant Texas Department of Criminal

Justice knew or should have known that Defendant Irby and/or Defendants John Does No. 1, and/or No. 2, and/or No. 3 exhibited a pattern of escalating encounters with prison inmates.

122.    On September 29, 2015 through October 9, 2015 Defendant Irby and/or Defendants John Does No. 1, and/or No. 2, and/or No. 3 were agents and/or employees of the Defendant Texas Department of Criminal Justice.

123.    In the events alleged above, Defendant the Texas Department of Criminal Justice, by and through its agents or employees, Defendant Irby and/or Defendants John Does No. 1, and/or No. 2, and/or No. 3, acted contrary to law, and intentionally and unreasonably deprived Marinda Griggs of her rights, privileges and immunities secured by the U.S. Constitution and 42 U.S.C. § 1983 in a willful and wanton fashion.

124.    Prior to September 29, 2015, and at all times relevant, Defendant the Texas Department of Criminal Justice was responsible for training its law enforcement officers, including but not limited to Defendant Irby and/or Defendants John Does No. 1, and/or No. 2, and/or No. 3, with regard to how to conduct their duties with an inmate afflicted with multiple health disabilities, but failed to fully, adequately, and properly do so.

125.    Prior to September 29, 2015 and at all times relevant, Defendant Texas Department of Criminal Justice failed to properly evaluate its law enforcement personnel's qualifications, training, demeanor, and fitness-for-duty as Texas Department of Criminal Justice officers, including but not limited to Defendant Irby and/or Defendants John Does No. 1, and/or No. 2, and/or No. 3.

126.    The above-described acts and omissions by Defendant Texas Department

of Criminal Justice demonstrate a deliberate indifference to and conscious disregard for the constitutional rights and safety of Marinda Griggs.

127.    As a result of the violations of Marinda Griggs' constitutional rights by Defendant Texas Department of Criminal Justice, through its agent(s) and or employee(s), Defendant Irby and/or Defendants John Does No. 1, and/or No. 2, and/or No. 3 and his/their afore-described willful and wanton conduct, Marinda Griggs suffered substantial injuries, damages, and ultimately death.

128.    Marinda Griggs exercised her rights, or attempted to do so, under the United States Constitution.

129.    Defendant the Texas Department of Criminal Justice, by and through its agent(s) and/or employee(s) Defendant Irby and/or Defendants John Does No. 1, and/or No. 2, and/or No. 3, deprived Marinda Griggs of her rights guaranteed by the United States Constitution and federal statutes.

130.    As a direct and proximate result of the foregoing conduct, Defendant Texas Department of Criminal Justice, by and through its agent(s) and/or employee(s), Defendant Irby and/or Defendants John Does No. 1, and/or No. 2, and/or No. 3, deprived Marinda Griggs of her rights and privileges as a citizen of the United States, and caused Marinda Griggs to suffer injury and death, of which has caused the general damages requested by Plaintiff in an amount in excess of the applicable jurisdictional amount, to be proven at trial.

131.    The claims and causes of action for injuries to the health, reputation and person sustained by Marinda Griggs are brought in this action pursuant to the Survival Act, Texas Civil Practice and Remedies Code § 71.021.

**Count VIII**
**Institutional Liability – Wrongful Death – Texas Department of Criminal Justice**

Plaintiff re-alleges Paragraphs 1-61 of the Complaint.

132.    Upon information and belief, prior to September 29, 2015, Defendant Irby and/or Defendants John Does No. 1, and/or No. 2, and/or No. 3 was/were reprimanded for unprofessional conduct.

133.    Prior to September 29, 2015, Defendant Texas Department of Criminal Justice knew or should have known that Defendant Irby and/or Defendants John Does No. 1, and/or No. 2, and/or No. 3 exhibited a pattern of escalating encounters with prison inmates.

134.    On September 29, 2015 through October 9, 2015 Defendant Irby and/or Defendants John Does No. 1, and/or No. 2, and/or No. 3 were agents and/or employees of the Texas Department of Criminal Justice.

135.    In the events alleged above, Defendant Texas Department of Criminal Justice, by and through its agents or employees, Defendant Irby and/or Defendants John Does No. 1, and/or No. 2, and/or No. 3, acted contrary to law, and intentionally and unreasonably deprived Marinda Griggs of her rights, privileges and immunities secured by the U.S. Constitution and 42 U.S.C. § 1983 in a willful and wanton fashion.

136.    Prior to September 29, 2015, and at all times relevant, Defendant Texas Department of Criminal Justice was responsible for training its law enforcement officers, including but not limited to Defendant Irby and/or Defendants John Does No. 1, and/or No. 2, and/or No. 3, with regard to how to conduct their duties with an inmate afflicted with multiple health disabilities, but failed to fully, adequately, and properly do so.

137.   Prior to September 29, 2015 and at all times relevant, Defendant Texas Department of Criminal Justice failed to properly evaluate its law enforcement personnel's qualifications, training, demeanor, and fitness-for-duty as Texas Department of Criminal Justice officers, including but not limited to Defendant Irby and/or Defendants John Does No. 1, and/or No. 2, and/or No. 3.

138.   The above-described acts and omissions by Defendant Texas Department of Criminal Justice demonstrate a deliberate indifference to and conscious disregard for the constitutional rights and safety of Marinda Griggs.

139.   As a result of the violations of Marinda Griggs' constitutional rights by Defendant Texas Department of Criminal Justice, through its agent(s) and or employee(s), Defendant Irby and/or Defendants John Does No. 1, and/or No. 2, and/or No. 3 and his/their afore-described willful and wanton conduct, Marinda Griggs suffered substantial injuries, damages, and ultimately death.

140.   Marinda Griggs exercised her rights, or attempted to do so, under the United States Constitution.

141.   Defendant the Texas Department of Criminal Justice, by and through its agent(s) and/or employee(s) Defendant Irby and/or Defendants John Does No. 1, and/or No. 2, and/or No. 3, deprived Marinda Griggs of her rights guaranteed by the United States Constitution and federal statutes.

142.   As a direct and proximate result of the foregoing conduct, Defendant Texas Department of Criminal Justice, by and through its agent(s) and/or employee(s), Defendant Irby and/or Defendants John Does No. 1, and/or No. 2, and/or No. 3, deprived Marinda Griggs of her rights and privileges as a citizen of the United States, and caused

Marinda Griggs to suffer injury and death, of which has caused the general damages requested by Plaintiff in an amount in excess of the applicable jurisdictional amount, to be proven at trial.

143.    The claims and causes of action for the wrongful death of Marinda Griggs are brought by her aunt Joyce Griggs on behalf of herself and all rightful heirs, pursuant to Texas Civil Practice and Remedies Code § 71.002-004.

**Count IX**
**Intentional Infliction of Emotional Distress - Defendants Sergeant C. Irby and/or**
**John Doe No. 1, and/or John Doe No. 2, and/or John Doe No. 3**

Plaintiff re-alleges Paragraphs 1-61 of the Complaint.

144.    On or about September 29, 2015 through October 9, 2015, Defendant Irby and/or Defendants John Does No. 1, and/or No. 2, and/or No. 3 acted intentionally and/or recklessly by verbally and physically assaulting Marinda Griggs while he/they knew, or should have known that she suffered from recurrent epileptic seizures which she was then being treated, medically diagnosed depression which she was then being treated, and to which she had twice attempted suicide while in the care, custody, and control of the Defendant Texas Department of Criminal Justice.

145.    On or about September 29, 2015 through October 9, 2015, Defendant Irby and/or Defendants John Does No. 1, and/or No. 2, and/or No. 3 acted intentionally and/or recklessly by falsely filing charges, and/or a "write-up and/or a strike" against Marinda Griggs (which ultimately would affect her ability to be paroled) while he/they knew, or should have known that she did nothing to deserve such allegations from her epileptic episode on or about September 29, 2015, and all the while knowing that Marinda Griggs suffered from recurrent epileptic seizures to which she was then being treated (and in

which she had just been released from the hospital) medically diagnosed depression to which she was then being treated, and to which she had twice attempted suicide while in the care, custody, and control of Defendant Texas Department of Criminal Justice.

146.    Upon information and belief, on or about September 29, 2015 through October 9, 2015, Defendant Irby and/or Defendants John Does No. 1, and/or No. 2, and/or No. 3 acted intentionally and/or recklessly by verbally and emotionally inflicting abuse upon Marinda Griggs causing extreme emotional distress.

147.    The emotional distress suffered by Marinda Griggs was so severe that she ultimately took her own life by hanging herself from the provided bed sheet.

148.    Defendant Irby's and/or Defendants John Does No. 1's, and/or No. 2's, and/or No. 3's conduct towards Marinda Griggs who was disabled by medically diagnosed depression and epilepsy was extreme and outrageous.

149.    Defendant Irby's and/or Defendants John Does No. 1's, and/or No. 2's, and/or No. 3's acts qualify as ministerial acts, and therefore are not protected by immunity.

150.    Defendant Irby's and/or Defendants John Does No. 1's, and/or No. 2's, and/or No. 3's outrageous conduct described above proximately caused Marinda Griggs' emotional distress, and no alternative cause of action would provide a remedy for the severe emotional distress caused by Defendant Irby's and/or Defendants John Does No. 1's, and/or No. 2's, and/or No. 3's conduct.

**Count X**
**Vicarious Liability of the Texas Department of Criminal Justice for Defendants Sergeant C. Irby's and/or John Doe No. 1's, and/or John Doe No. 2's, and/or John Doe No. 3's Intentional Infliction of Emotional Distress**

Plaintiff re-alleges Paragraphs 1-61 of the Complaint.

151.     Upon information and belief, prior to September 29, 2015, Defendant Irby and/or Defendants John Does No. 1, and/or No. 2, and/or No. 3 was/were reprimanded for unprofessional conduct.

152.     Prior to September 29, 2015, Defendant Texas Department of Criminal Justice knew or should have known that Defendant Irby and/or Defendants John Does No. 1, and/or No. 2, and/or No. 3 exhibited a pattern of escalating encounters with prison inmates.

153.     On September 29, 2015 through October 9, 2015, Defendant Irby and/or Defendants John Does No. 1, and/or No. 2, and/or No. 3 were agents and/or employees of Defendant Texas Department of Criminal Justice acting within the course of his/their employment.

154.     In the events alleged above, Defendant the Texas Department of Criminal Justice, by and through its agents or employees, Defendant Irby and/or Defendants John Does No. 1, and/or No. 2, and/or No. 3, acted contrary to law, by intentionally and/or recklessly causing severe emotional distress by Marinda Griggs who had done nothing wrong, and rather was disabled and had suffered an epileptic seizure.

155.     Defendant Texas Department of Criminal Justice knew or should have known that Defendant Irby and/or Defendants John Does No. 1, and/or No. 2, and/or No. 3 filed knowingly false charges and/or a 'write-up' against Marinda Griggs during or after she was in the hospital being treated for the epileptic seizure that allegedly "caused" the incident on September 29, 2015, yet permitted Ms. Griggs to continue to suffer severe emotional anguish and distress as a result.

156.     The above-described acts and omissions by Defendant Texas Department

of Criminal Justice demonstrate a deliberate indifference to and conscious disregard for the constitutional rights and safety of Marinda Griggs.

157.    As a result of the violations of Marinda Griggs' constitutional rights by Defendant Texas Department of Criminal Justice, through its agent(s) and or employee(s), Defendant Irby and/or Defendants John Does No. 1, and/or No. 2, and/or No. 3 and his/their afore-described willful and wanton conduct, Marinda Griggs suffered substantial injuries, damages, and ultimately death.

158.    Marinda Griggs exercised her rights, or attempted to do so, under the United States Constitution.

159.    Defendant the Texas Department of Criminal Justice, by and through its agent(s) and/or employee(s) Defendant Irby and/or Defendants John Does No. 1, and/or No. 2, and/or No. 3, deprived Marinda Griggs of her rights guaranteed by the United States Constitution and federal statutes.

160.    As a direct and proximate result of the foregoing conduct, Defendant Texas Department of Criminal Justice, by and through its agent(s) and/or employee(s), Defendant Irby and/or Defendants John Does No. 1, and/or No. 2, and/or No. 3, deprived Marinda Griggs of her rights and privileges as a citizen of the United States, and caused Marinda Griggs to suffer severe emotional distress, injury, and death, of which has caused the general damages requested by Plaintiff in an amount in excess of the applicable jurisdictional amount, to be proven at trial.

161.    No alternative cause of action would provide a remedy for the severe and emotional distress caused by the Defendants' conduct.

**Count XI**
**Violation of Title II of the Americans With Disabilities Act – Texas Department of**

**Criminal Justice**

Plaintiff re-alleges Paragraphs 1-61 of the Complaint.

162.    Marinda Griggs qualified as an individual with multiple disabilities per the Americans with Disabilities Act as she suffered from epilepsy and mental health issues.

163.    Marinda Griggs, a prisoner, was qualified to participate in or receive the benefit of programs and activities in the prison for persons with her aforementioned disabilities.

164.    Defendant Texas Department of Criminal Justice's deliberate refusal to accommodate Marinda Griggs' disabilities by placing her in solitary confinement constitutes an exclusion from participation in, or the denial of benefits.   Defendant Texas Department of Criminal Justice denied Marinda Griggs of the benefits of the prison services for those persons with disabilities, and showed a deliberate indifference to her medical needs, thus discriminating against her by placing her in solitary confinement on or about October 9, 2015, knowing that she had sustained serious bodily injuries as a result of officers' assaulting her and after she had just been released from the hospital for those injuries, all the while suffering from mental health issues.

165.    Defendant Texas Department of Criminal Justice knowingly filed a "write-up/charges" against Marinda Griggs as a result of her suffering an epileptic seizure on or about September 29, 2015, causing her to be placed in solitary confinement – thus denying her of her benefits and discriminating against her based upon her disability.

166.    Defendant Texas Department of Criminal Justice denial and/or exclusion of Marinda Griggs' benefits and discrimination against her was all based upon, and a result of, Marinda Griggs' suffering from her aforementioned disability(s).

167.     Defendant Texas Department of Criminal Justice has proximately caused the general damages requested by Plaintiff in an amount in excess of the applicable jurisdictional amount, to be proven at trial.

**Count XII**
**Civil Practices and Remedies Code § 101.021 Governmental Liability for Texas Tort Claims – Texas Department of Criminal Justice**

Plaintiff re-alleges Paragraphs 1-61 of the Complaint.

168.     Defendant Texas Department of Criminal Justice is liable for the injuries and death of Marinda Griggs as it was proximately caused by wrongful acts and/or omission and/or negligence of the prison officer(s) acting within the scope of his/their employment.

169.     As aforementioned, Marinda Griggs suffered from epilepsy, and depression/mental affliction, and twice prior to October 9, 2015 had attempted suicide, at least one time by hanging with a bed sheet.

170.     The two prior suicidal incidences had occurred while Marinda Griggs was in the care, custody, and control of Defendant Texas Department of Criminal Justice, and therefore Defendant certainly had notice of her suicidal propensity, and thus her ultimate suicide by hanging on or about October 9, 2015 was foreseeable.

171.     On or about October 9, 2015, Ms. Griggs was wrongfully placed in solitary confinement in a cell where she had access to a non-breakaway bed sheet(s), and air ducts and/or air vents and/or prison bars to which she could hang herself with the bed sheet(s).

172.     Marinda Griggs' injury and death were therefore so caused by the condition of the cell and the use of tangible property under § 101.021(2) – the bed

sheet(s) and air duct(s) and/or prison bars.

173.   Defendant Texas Department of Criminal justice had a duty to protect a (twice) known suicidal risk, Marinda Griggs, an individual suffering from depression and epilepsy from having access to the aforementioned tangible property present in her solitary confinement cell, yet the Defendant breached that duty.

174.   Marinda Griggs' injuries were a direct and proximate cause by these wrongful acts and/or omission and/or negligence of the prison officer(s) placing her in the solitary confinement cell with said tangible property while the officers were acting within the scope of his/their employment.

### Damages

175.   Defendants are jointly and severally liable for the wrongs complained of herein, either by virtue of direct participation or by virtue of encouraging, aiding, abetting, committing, and/or ratifying and condoning the commission of the above described acts and/or omissions.

176.   Plaintiff and Plaintiff's Decedent suffered compensatory, special, and punitive damages for the following:

a.   Extreme mental anguish as a result of being falsely charged with a conduct violation, physically assaulted, and battered by Defendant Irby and/or Defendants John Does No. 1, and/or No. 2, and/or No. 3.

b.   Extreme physical abuse, mental anguish and emotional distress as a result of the intentional infliction of emotional distress to which Defendant Texas Department of Criminal Justice, Defendant Irby, and/or Defendants John Does No. 1, and/or No. 2, and/or No. 3.

c.      Violation of Plaintiff's civil rights by Defendant Texas Department of Criminal Justice, Defendant Irby, and/or Defendants John Does No. 1, and/or No. 2, and/or No. 3.

d.      Punitive damages for egregious acts and omissions of Defendant Texas Department of Criminal Justice, Defendant Irby, and/or Defendants John Does No. 1, and/or No. 2, and/or No. 3.

177.    Plaintiff is entitled to attorneys' fees for litigation of this matter.

178.    Plaintiff is entitled to all other relief to which this Court deems just and equitable.

179.    Plaintiff requests and is entitled to a trial by jury.

### Prayer for Relief

Joyce Griggs, as Aunt and Personal Representative of the Estate of Marinda Griggs, deceased, prays that for judgment on her behalf and against all defendants jointly, and severally, and in solido, as follows:

a.      Compensatory, special, and punitive damages;

b.      The cost of this action and reasonable attorneys' fees as provided by 42 U.S.C. § 1983;

c.      Judicial interest from the date of judicial demand;

d.      Trial by jury; and

e.      Such further relief as this Court deems just and equitable.

Respectfully Submitted,

/s/ Steve Sumner___
Counsel for Plaintiff
Steve Sumner (Attorney-in-charge)
Texas Bar No. 19508500
Federal Bar No. 16602
ssumner@sumnerschick.com

**Sumner, Schick & Pace, LLP**
3811 Turtle Creek Boulevard Suite 600
Dallas, Texas 75219
Telephone: (214) 965-9229
Facsimile: (214) 965-9215

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

**DEFENDANTS**

**(b)** County of Residence of First Listed Plaintiff  Smith
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  Coryell
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Sumer, Schick & Pace, LLP
3811 Turtle Creek Blvd. Suite 600
Dallas, TX 75219   (214) 965-9999

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government
       Plaintiff

☒ 3  Federal Question
       *(U.S. Government Not a Party)*

☐ 2  U.S. Government
       Defendant

☐ 4  Diversity
       *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & | ☐ 367 Health Care/ Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | Slander | Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| (Excludes Veterans) | ☐ 345 Marine Product Liability | Liability | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☒ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from Another District *(specify)*   ☐ 6 Multidistrict Litigation - Transfer   ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
42 USC 1983; 28 U.S.C. 1343; 42 USC Chapter 126

Brief description of cause:
Violation of civil rights and wrongful death of prison inmate.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*   JUDGE                       DOCKET NUMBER

DATE  9/20/17

SIGNATURE OF ATTORNEY OF RECORD

## FOR OFFICE USE ONLY

RECEIPT #            AMOUNT            APPLYING IFP            JUDGE            MAG. JUDGE